IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-03929-RBJ

MARCOS T. CAMPOS-MELARA,

    Petitioner,

v.

KRISTI NOEM, JOHN FABRICATORE,
PAMELA BONDI, WARDEN – LNU,
Aurora Detention Center,
in their official capacities,

    Respondents.

---

## ORDER

---

Before the Court are petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, seeking his release from detention on a $3,000 bond or, in the alternative, a bond hearing before an immigration judge (IJ), and Motion for a Protective Order to Prevent Petitioner's Removal from the District of Colorado (Motion), ECF No. 6. For the reasons that follow, the Motion is GRANTED and respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted.

1

## Background

This case involves the, by now, very familiar question of whether noncitizens who entered the country without inspection and have remained here over two years, are subject to mandatory detention during removal proceedings under 8 U.S.C. § 1225(b)(2)(A), or rather, are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Garcia Cortes v. Noem et al.*, 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Mendoza Gutierrez v. Baltasar et al.*, 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Loa Caballero v. Baltazar et al.*, 1:25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

In July, the Department of Homeland Security (DHS) issued a new policy directing that U.S. Immigration and Customs Enforcement (ICE) shall consider these individuals "applicants for admission," and thus, statutorily ineligible for bond (or other forms of release) under § 1225(b)(2)(A). *See Rodriguez v. Bostock*, ---F.Sup.3d---, 2025 WL 2782499, at *5 (W.D. Wash. Sept. 30, 2025) (describing the promulgation of this new policy). Subsequently, the Board of Immigration Appeals (BIA), a division of the Department of Justice, issued a precedential decision adopting this interpretation of § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 219-20 (BIA 2025) (holding that "while an inadmissible alien who establishes that he or she has been present in the United States for over 2 years is not

subject to the expedited removal process, the alien nevertheless "shall be detained for a proceeding under section 240" of the Immigration and Nationality Act).

These developments unleashed a flood of federal habeas petitions from individuals who previously would have been eligible for bond during their removal proceedings but now are allegedly subject to mandatory detention. *See Bostock*, 2025 WL 2782499, at *1 (noting that the policy change announced by DHS would require "the detention of millions of individuals currently living in the United States"). Although all the courts in this District to consider this question, and the overwhelming majority of district courts nationwide, have concluded that detention for these individuals is properly governed by § 1226(a), there is no appellate guidance to date, and thus, this question continues to arise. *See Cruz Valera v. Baltazar et al.*, 1:25-cv-03744-CNS, 2025 WL 3496174 (D. Colo. Dec. 5, 2025) (collecting authorities from this District and throughout the country that have considered and rejected the "nearly identical arguments" advanced by the government for mandatory detention under § 1225(b)(2)(A) for this class of noncitizens).

## Analysis

In the instant matter, petitioner entered the country without inspection in 2008. ECF No. 1 at ¶2.[1] He is married, has three U.S.-citizen children, and has no criminal

---

[1] For the purposes of this Order, the truth of the facts derived from the Petition is assumed.

history.  ECF No. 1 at ¶¶3-4.  On or about September 17, 2025, ICE officers in Decatur, Texas encountered petitioner during a traffic stop, arrested him, and took him into custody.  *See* ECF No. 1, Ex. C at 2 (Petitioner's I-213).  Petitioner was taken to "several detention centers" before arriving at the Aurora Detention Facility in Aurora, Colorado, where he remains.  ECF No. 1 at ¶ 4.  On November 21, 2025, an immigration judge (IJ) denied petitioner's motion for a bond hearing, finding that the Court lacked jurisdiction under *Matter of Yajure*.  *See* ECF No. 1, Ex. E (Order of the Immigration Judge).  However, the IJ indicated that she would have found that petitioner "is not a flight risk or a danger to the community and would grant him a $3,000 bond."  *Id.*

Accordingly, petitioner requests that this Court order his release upon payment of the $3,000 bond that the IJ found appropriate, or else require respondents to provide him with an individualized bond hearing within 10 days.  ECF No. 1 at 25.  Additionally, petitioner seeks a protective order enjoining his removal from the District of Colorado in order "to preserve the status quo and the Court's ability to fully address this case on the merits."  ECF No. 6 at 1.

This Court has previously entered this relief—prohibiting the transfer or removal of a habeas petitioner challenging their mandatory detention under § 1225(b)(2)(A)—on *ex parte* motions for a Temporary Restraining Order (TRO) filed concurrently with the habeas petition.  *See Velasquez de Leon v. Baltazar et al.*, 1:25-

4

cv-0305-RBJ, ECF No. 13 (D. Colo. Dec. 2, 2025); *Cervantes Arredondo v. Baltazar et al.*, 1:25-cv-03040-RBJ, ECF No. 11 (D. Colo. Oct. 8, 2025). In those matters, the Court reasoned that the petitioners had presented sufficient evidence to indicate that the respondents would not provide them with a bond hearing, and that expedited court intervention was necessary to prevent alleged due process violations during immigration proceedings. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94-95 (2025).

Although the requested relief comes to the Court now by way of a motion for a protective order rather than a TRO, the same result attains here. The Court has the power "to preserve existing conditions" while it considers whether to grant injunctive relief. *U.S. v. United Mine Workers*, 330 U.S. 258, 293 (1947). This includes enjoining the further transfer of petitioner—who has already been moved several times—while the Court adjudicates his habeas petition. *See Alves v. U.S. Dept. of Justice*, EP-25-CV-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025); *see also Castillo and Loza v. Andra-Ybarra et al.*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *5 (D.N.M. Nov. 21, 2025) (finding that the All Writs Act, 28 U.S.C. § 1651, "provides an independent basis" for enjoining transfer to protect the court's habeas jurisdiction); *Arostegui-Maldonado v. Baltazar et al.*, 794 F.Supp.3d 926, 945-50 (D. Colo. Aug, 8, 2025) (same); *Batooie v. Ceja*, 25-cv-02059-DDD-STV, 2025 WL 1836695, at *2 (D. Colo. Jul. 3, 2025) (same).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the motion for a protective order. Pursuant to the All Writs Act, 28 U.S. § 1651(a), respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

Furthermore, to the extent they have not done so yet, no later than Wednesday, December 10, 2025, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition, Motion, along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner on a bond of $3,000 or requiring a bond hearing within 10 days. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14 day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: December 9, 2025          BY THE COURT:

                R. Brooke Jackson
                Senior United States District Court Judge