IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-03929-RBJ

MARCOS T. CAMPOS-MELARA,

    Petitioner,

v.

KRISTI NOEM, ROBERT HAGAN,
PANELA BONDI,
WARDEN – LNU, Aurora Detention Center
in their official capacities,

    Respondents.

---

# ORDER

---

    Petitioner/plaintiff Marcos T. Campos-Melara (petitioner or Mr. Campos-Melara) brought this Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for a Temporary Restraining Order, ECF No. 14, challenging his mandatory detention during removal proceedings under 8 U.S.C. § 1225(b)(2)(A). He claims his detention is governed instead by 8 U.S.C. § 1226(a), which affords him the opportunity to be released on bond. *See* ECF No. 1; ECF No. 14.

    This is a familiar issue. Before this case, the Court had already determined that detention for noncitizens like Mr. Campos-Melara, who entered the United States without inspection and have lived here for more than two years, is properly

1

governed by § 1226(a), and therefore, mandatory detention under § 1225(b)(2)(A) is unlawful.  *See Cervantes Arredondo v. Baltazar, et al.*, 1:25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025); *Velazquez de Leon v. Baltazar, et al.*, 1:25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025).

In a Minute Order issued December 29, 2025, this Court explained that it "perceive[d] no reason to depart from its previous determination" that [p]etitioner's detention was discretionary under § 1226(a).  ECF No. 15.  An Immigration Judge (IJ) previously found that, if Mr. Campos-Melara was eligible for bond, she would grant his release on a bond of $3,000.  ECF No. 1 at 48-49.  Accordingly, this Court gave respondents an opportunity to file a response within 10 days if they opposed petitioner's release on these terms on the grounds that he would "present a danger to the community or an unacceptable flight risk."  ECF No. 15.

On January 8, 2026, respondents filed a response reiterating their objection to petitioner's release based on their position that he "is subject to detention under § 1225(b)(2)(A), which does not provide for release on bond."  ECF No. 16 at ¶ 6.  However, they acknowledged that they had no "additional evidence to present concerning" petitioner's danger to the community or flight risk that was not already considered by the IJ at Mr. Campos-Melara's custody redetermination hearing.  *Id.* at ¶ 7.  In any event, they asserted that this Court has no jurisdiction to "reconsider

or reevaluate the IJ's discretionary determination" authorizing petitioner's release on bond. *Id.* (citing *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012)).

The Court adheres to its determination that Mr. Campos-Melara's detention under § 1225(b)(2)(A) is unlawful for the reasons set forth in *Cervantes Arredondo*, 1:25-cv-03040-RBJ, ECF No. 21, and *Valazquez de Leon*, 1:25-cv-03805-RBJ, ECF No. 19. Although the Court has previously ordered that respondents provide noncitizens wrongfully detained under § 1225(b)(2)(A) with a bond hearing, "different relief is warranted here." *Valera v. Baltazar*, 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025). Here, petitioner has already received a custody redetermination hearing where, after receiving evidence, an IJ deemed that he was not a danger to the community and his appearance for removal proceedings could be secured on a bond of $3,000. Although respondents urge the Court to order another bond hearing if it is to grant the Petition, they provide no reason why the Court must or should do so. ECF No. 16 at ¶ 8.

Therefore, the Court finds that release upon payment of a $3,000 (and no additional conditions) is the appropriate relief in these circumstances. *See Valera*, 2025 WL 3496174, at *3 (ordering immediate release where habeas petitioner had already received and paid bond set by an IJ); *see also Garcia-Arauz v. Noem*, 2:25-cv-02117-RFB-EJY, ---F.Supp.3d----, 2025 WL 3470902, at *9 (D. Nev. Dec. 3, 2025) (same); *Carrillo Fernandez v. Knight*, No. 2:25-cv-02221-RFB-BNW, 2025

3

WL 3485800, at *3, *8 (D. Nev. Dec. 4, 2025) (same); *Escobar Salgado v. Mattos*, 2:25-cv-01872-RFB-EJY, ---F.Supp.3d----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (same); *Ramos v. Rokosky*, No. 25-cv-15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025) (same).

It is hereby ORDERED that:

Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED.

Petitioner's Motion for a Temporary Restraining Order, ECF No. 14, is respectfully DENIED as moot.

Respondents SHALL immediately release petitioner upon payment of a $3,000 bond.

The parties SHALL file a joint status report on or before **January 13, 2026**, updating the Court on petitioner's custody status.

Dated: January 9, 2026        BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Court Judge